FILED

2017 FEB 24  PM 3: 20

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:17-cv-331-ORL 31-TBS

TONIA SMITH,

    Plaintiff,

v.

KELLEY KRONENBERG, P.A.,

    Defendant.

_____/

**COMPLAINT AND TRIAL BY JURY DEMAND**

## NATURE OF ACTION

1. Plaintiff Tonia Smith ("Plaintiff") brings this action against Defendant Kelley Kronenberg, P.A. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

1

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

9. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

10. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

11. The FTC has stated that: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

12. The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n.11).

13. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

14. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

15. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to

3

collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

16. With respect to § 1692g(a)(4)-(5), "[t]he statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016).

17. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

18. One way in which a debt collection letter can overshadow the notice of rights under § 1692g is by threatening suit within the 30-day period.

19. While a debt collector may legally initiate suit before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook, ignore, or otherwise be confused about his or her rights.

20. "Because the letter lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

### PARTIES

21. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Seminole, and City of Casselberry.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

24. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

25. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

26. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential mortgage account (the "Debt").

27. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

28. On February 26, 2016, Defendant sent Plaintiff a letter in an attempt to collect the Debt.

29. A true and correct copy of Defendant's February 26, 2016 letter is attached to this complaint as Exhibit A.

30. Defendant's February 26, 2016 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

31. Being the initial letter, Defendant attempted to convey the notices required by 15 U.S.C. § 1692g(a).

32. Defendant's February 26, 2016 letter stated the following:

> If you dispute the validity of this debt, you have 30 days to notify us of such. If we do not receive any notification we will assume the debt is valid and will proceed in accordance with that assumption.

Exhibit A.

33. In the notice provided by the February 26, 2016 letter, Defendant fails to state that Plaintiff may dispute the validity of the debt "or any portion thereof." *See* 15 U.S.C. § 1692g(a)(3).

34. The notice provided by the February 26, 2016 letter also fails to state that Plaintiff's thirty days to dispute the Debt begins "after receipt of the notice." *See* 15 U.S.C. § 1692g(a)(3).

35. Defendant's February 26, 2016 letter completely fails to include the disclosure required by 15 U.S.C. § 1692g(a)(4), which requires that a debt collector's initial written communication contain:

> [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector . . .

15 U.S.C. § 1692g(a)(4).

36. Defendant's February 26, 2016 letter also completely fails to include the disclosure required by 15 U.S.C. § 1692g(a)(5), which requires that a debt collector's initial written communication contain:

> [A] statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(5).

37. Defendant's February 26, 2016 letter also fails to clearly state the amount of the Debt.

38. Because Defendant's February 26, 2016 letter fails to include the required disclosures, Plaintiff, or the least sophisticated consumer, would not have adequate notice of her rights under the FDCPA.

39. Defendant's February 26, 2016 letter included the following: "Re: United Guaranty Residential Insurance Company of North Carolina v. Tonia M. Smith." Exhibit A.

40. Upon information and belief, Defendant had not initiated a lawsuit against Plaintiff.

41. By stating "United Guaranty Residential Insurance Company of North Carolina v. Tonia M. Smith," Defendant's February 26, 2016 letter falsely represented or implied that a lawsuit against Plaintiff for the Debt existed. Exhibit A.

42. The consumer would be especially susceptible to this misleading representation where the message is sent on attorney letterhead.

43. Defendant's false representation that a lawsuit had been filed would cause Plaintiff, or the least sophisticated consumer, to have a false sense of urgency to resolve her Debt.

44. Defendant's false representation of a lawsuit would also cause the least sophisticated consumer to overlook or ignore her rights to dispute and obtain verification of the Debt under 15 U.S.C. § 1692g(a)—even had such rights been properly disclosed.

45. Defendant's February 26, 2016 letter states that Defendant or its client "now has the right[] to . . . collect on this [D]ebt," and it does nothing to otherwise dispel the impression that the letter is being sent in connection with the collection of the Debt, such as with a disclaimer clearly stating that the letter is not an attempt to collect a debt.

46. Thus, the February 26, 2016 letter is the initial communication with Plaintiff in connection with the collection of the Debt.

47. Defendant mailed a subsequent letter to Plaintiff dated April 25, 2016.

48. A true and accurate copy of Defendant's April 25, 2016 letter is attached to this complaint as Exhibit B.

49. If Defendant's February 26, 2016 letter was not sent in connection with an attempt to collect the Debt, then alternatively, Defendant's April 25, 2016 letter was Defendant's initial communication with Plaintiff in connection with the collection of the Debt.

50. Defendant's April 25, 2016 letter also does not contain any of the disclosures required in an initial communication by 15 U.S.C. § 1692g(a).

51. Therefore, if Defendant's April 25, 2016 was its initial communication with Plaintiff in connection with the collection of the Debt, Defendant's letter failed to include the required disclosures, leaving Plaintiff, or the least sophisticated consumer, without adequate notice of her rights under the FDCPA.

52. Defendant also sent a letter to Plaintiff dated October 17, 2016.

53. A true and accurate copy of Defendant's October 17, 2016 letter is attached to this complaint as Exhibit C.

54. Defendant's October 17, 2016 letter was substantially similar to the February 26, 2016 letter, except that it expressly stated that it was being sent in an attempt to collect a debt.

55. Defendant's October 17, 2016 letter also did not provide Plaintiff with the disclosure of rights provided by 15 U.S.C. § 1692g(a).

56. At no other time has Plaintiff received the statements required by 15 U.S.C. § 1692g(a) from Defendant.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e

57. Plaintiff repeats and re-alleges each factual allegation above.

58.  Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or misleading statements in an attempt to collect Plaintiff's Debt, including by using language which would make the least sophisticated consumer believe that Defendant had initiated a lawsuit against her when—in fact—Defendant had not.

59.  Defendant also violated 15 U.S.C. § 1692e by falsely representing Plaintiff's rights under 15 U.S.C. § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

60.  Plaintiff repeats and re-alleges each factual allegation above.

61.  Defendant violated 15 U.S.C. § 1692g(a) by failing to adequately provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

62. Plaintiff repeats and re-alleges each factual allegation above.

63. Even if Defendant had properly disclosed Plaintiff's rights under 15 U.S.C. § 1692g(a), Defendant violated 15 U.S.C. § 1692g(b) by making statements in its initial communication which were inconsistent with the notice of Plaintiff's right to dispute the Debt and obtain verification under § 1692g(a), including by using language which would make the least sophisticated consumer believe that Defendant had initiated a lawsuit against Plaintiff and for failing to explain that Plaintiff could still take advantage of her rights under § 1692g(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law;

and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 21, 2017.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206